IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 3:17-CR-155-L (BK) |
| | § | |
| JAMSHID NORYIAN  (01) | § | |
|      a.k.a. JAMES NORYIAN | § | |
| DEHSHID NOURIAN  (02) | § | |
|      a.k.a. DAVID NOURIAN | § | |
| CHRISTOPHER RYDBERG  (03) | § | |
| ASHRAF MOFID   (04) | § | |
|      a.k.a. SHERRI MOFID | § | |
| LEYLA NOURIAN  (05) | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the presiding district judge's *Order of Reference*, Doc. 293, the *United States' Motion for Order to Maintain Custody of Property for Forfeiture Pursuant to 21 U.S.C. § 853(e)(1)*, Doc. 291, is before the undersigned magistrate judge for determination. Defendants have filed a response in opposition, Doc. 295, and the Government has filed a reply, Doc. 300. Upon review of the relevant pleadings and applicable law, the Government's motion is **GRANTED**.

**I. BACKGROUND**

It is not necessary to recite the entire involved history of this case since the Government and Defendants agree to the salient facts. It suffices to say that the Government initially sought and obtained civil seizure warrants for the property that is the subject of the instant motion ("Property"), but failed to timely proceed with a civil forfeiture action as required by 18 U.S.C. § 983(a)(3)(A) after adverse claims were made in the administrative forfeiture proceedings.

Instead, within the period permitted by statute (including court-granted extensions[1]), the Government obtained a Superseding Indictment in this case that includes a notice of the Government's intent to criminally forfeit the Property. No further warrant or order for seizure or restraint of the Property was sought after indictment, however. And some four years after the Property was seized, the Government filed the motion *sub judice*.

By the instant motion, the Government seeks an order permitting it to retain possession of the Property under the authority of 21 U.S.C. § 853(e)(1), which provides that a court may "take any other action to preserve the availability of" property subject to forfeiture. Doc. 291 at 1-2. The Government concedes that none of the "multiple methods for preserving property for criminal forfeiture" delineated in section 853 are applicable here since the Government already has possession of the Property, but argues that the statute's language permitting "any other action" authorizes the Court to order that the Government may maintain possession of the Property for criminal forfeiture. Doc. 291 at 5.

Defendants respond that the so-called "housekeeping" order sought by the Government "is not appropriate" here because the Government does not "currently have lawful possession of the property because no civil case has been pending for four years and there is no criminal restraint in place. . . ." Doc. 295 at 5. However, Defendants limit their response in opposition to the funds seized from four bank accounts, Doc. 295 at 6, described in numbers 2-4 of the Government's motion, Doc. 291 at 1. They argue that the appropriate remedy is to "order the release of the property." Doc. 295 at 6.

---

[1] In its reply brief, the Government lists the dates of the extension orders and the periods covered, but does not provide the case number(s). Doc. 300 at 3. Nevertheless, because counsel for the Government is an officer of the court, the undersigned assumes the veracity of these factual assertions.

2

## II. APPLICABLE LAW

Within 90 days of a claim for property seized in an administrative civil forfeiture proceeding being filed, the Government must either file a complaint for forfeiture in the district court "or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties." 18 U.S.C. § 983(a)(3)(A). The third option is that "before the time for filing a complaint has expired—" the Government may "obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B).

> In the event an indictment with a forfeiture notice is timely returned,
>
> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section—
>
> > (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section . . . .

21 U.S.C. § 853(e)(1)(A). Under the referenced subsection, this includes "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation . . . ." 21 U.S.C. § 853(a)(1). 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7) make section 853's provisions and criminal forfeiture applicable to numerous offenses that include health care fraud and conspiracy to commit health care fraud.

3

**III. ANALYSIS**

There is a dearth of caselaw, let alone any binding authority, relevant to the issue presented here. As Defendants aptly detail in their response, none of the extra-circuit, extra-district opinions cited by the Government involved an extended delay like that present here. *See* Doc. 291 at 5-6; Doc. 295 at 4-5. And in the sole Northern District of Texas case cited by the Government, Doc. 291 at 6 n. 2, the Court granted the Government's request to retain the civilly seized property pending criminal forfeiture where, unlike in this case, the motion was unopposed. *See United States v. Berglund, et. al.*, No. 4:20-CR-268-P (N.D. Tex. Jan. 12, 2021), Dkt. 36; Dkt. 37.

The Court agrees with Defendants that in the interim between the Government's failure to timely file a civil forfeiture action and the present, the Government lacked authority to maintain possession of the Property. And while the Court finds troubling the lengthy period the Government maintained possession of the Property post-indictment without seeking legal authority to do so, the Court disagrees with Defendants' suggestion that granting the relief the Government now seeks would effectively render the applicable statutory deadlines "a nullity." Doc. 295 at 6.

The Court notes that Defendants were not without recourse and could have sought the return of the Property at any time during the interim unauthorized period, but did not do so. Moreover, section 853(e) itself sets forth no restriction limiting the time frame for the Government to seek a protective order, and the Court does not hazard to impose one under the totality of the circumstances presented here.

In sum, considering the extensions granted by the Court, the Government caused a Superseding Indictment—which included a forfeiture notice covering the Property—to be

4

returned and filed within the time allotted under 18 U.S.C. § 983(a)(2)&(3). The lengthy period the Government maintained possession of the Property aside, none of the Defendants timely sought the return of the Property, and the Government has now sought authority to possess the Property pending the conclusion of criminal forfeiture and any ancillary forfeiture proceedings in this case. And while the delay in seeking court authorization is very concerning, the Court has ascertained nothing in the law which bars the Government from seeking such relief at this juncture.

## IV. CONCLUSION

Based on the foregoing, the Court **FINDS** that:

On September 11, 2019, a Superseding Indictment returned by a federal grand jury empaneled in this district was filed in this cause. Doc. 162. The Superseding Indictment charged the Defendants with several criminal offenses including Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. §§ 1349 and 1347 (Count One), and various substantive health care fraud counts (Counts Two through Nine). Doc. 162 at 13-20.

Both 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7) authorize the forfeiture of proceeds derived from the charged health care fraud offenses.

The sworn declaration of Special Agent Adam Watson offered in support of the motion establishes probable cause to believe that the following property is proceeds of or traceable to proceeds of the charged health care fraud offenses:

    a. $96,924.25 in funds seized from JP Morgan Chase Bank Account XXXXXX7273 in the name Jade and Joy Holdings LLC;[2]

---

[2] The government seized an additional $49,256.93 from this account under a civil seizure warrant, but the government is not asking to retain those funds for criminal forfeiture.

  b. $70,437.93 in funds seized from JP Morgan Chase Bank Account XXXXX3462 in the name Jade and Joy Holdings LLC;

  c. $27,907.62 in funds seized from JP Morgan Chase Bank Account XXXXX2280 in the name Ability Pharmacy Inc; and

  d. $106,211.14 in funds seized from BancorpSouth Bank Account XXXXXX5371 in the name of Bandoola Pharmaceutical LLC.[3]

Doc. 300-1, *passim*.

Further, due to the nature of said Property, and the fact that subject funds were previously seized from bank accounts and have since remained in the possession of the United States Marshal's Service, a restraining order issued under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the Property for forfeiture.[4]

The Government also moved to retain custody of the following property for criminal forfeiture, to which Defendants have not objected:

  a. $1,815,847.21 in funds from Wells Fargo Bank Account XXXXXX0302 in the name of Industrial & Family Pharmacy Inc.; and

  b. 2016 BMW 7 Series Sedan 4D 750xi, VIN WBA7F2C58GG416750;

Accordingly, under the authority 21 U.S.C. § 853(e)(1)(A), the *United States' Motion for Order to Maintain Custody of Property for Forfeiture Pursuant to 21 U.S.C. § 853(e)(1)*, Doc. 291, is **GRANTED**.

---

[3] The government seized an additional $830.35 from this account under a civil seizure warrant, but the government is not asking to retain those funds for criminal forfeiture.

[4] Although a warrant of seizure is not necessary because the Property was already seized pursuant to warrants issued by judges of this Court (including the undersigned) based on findings of probable cause and has been in the Government's possession since, the Court makes this additional finding under 21 U.S.C. § 853(f) based on the facts and in an abundance of caution.

It is **ORDERED** that pending the conclusion of this criminal case and related forfeiture proceedings, including any ancillary proceeding in which any third party with an interest in the property may file a claim contesting the forfeiture pursuant to 21 U.S.C. § 853(n), the United States is permitted to maintain custody of:

a. $1,815,847.21 in funds from Wells Fargo Bank Account XXXXXX0302 in the name of Industrial & Family Pharmacy Inc.;

b. $96,924.25 in funds from JP Morgan Chase Bank Account XXXXXX7273 in the name Jade and Joy Holdings LLC;

c. $70,437.93 in funds from JP Morgan Chase Bank Account XXXXX3462 in the name Jade and Joy Holdings LLC;

d. $27,907.62 in funds from JP Morgan Chase Bank Account XXXXX2280 in the name Ability Pharmacy Inc;

e. $106,211.14 in funds from BancorpSouth Bank Account XXXXXX5371 in the name of Bandoola Pharmaceutical LLC; and

f. 2016 BMW 7 Series Sedan 4D 750xi, VIN WBA7F2C58GG416750 ("BMW").

**SIGNED** February 27, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE